FILED
2015 NOV 10 PM 2:47
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | INDICTMENT |
| ) | |
| Plaintiff, ) | |
| ) | 1:15 CR 0415 |
| v. ) | CASE NO. |
| ) | Title 18, Section 1001 and 2, |
| MARCUS BUTLER, ) | United States Code |
| ) | |
| Defendant. ) | JUDGE BOYKO |

The Grand Jury charges:

## GENERAL ALLEGATIONS

At all times material herein:

*Defendant and Related Entities*

1. Defendant MARCUS BUTLER was the principal owner and operator of "LB Electric of Northeast Ohio, LLC," an electrical company incorporated in Ohio and headquartered in Cleveland, Ohio.

2. A construction company was a general contractor.

3. A company engaged in commercial and residential electrical work was an Electrical Subcontractor.

*Overview of the Davis-Bacon Act*

4. The Davis-Bacon Act, Title 40, United States Code, Section 3142 ("Davis-Bacon"), applied to contracts in excess of $2,000 for the construction, alteration and repair of public buildings and public works, to which the United States was a party. Contracts subject to Davis-Bacon had to contain a provision requiring that laborers and mechanics be paid wages and

fringe benefits in line with those paid to corresponding classes of workers employed on similar projects in the same geographical area, as determined by the Secretary of Labor ("the prevailing wage").

5. The Federal Regulations implementing Davis-Bacon provided that contracts for work on federally-funded projects must contain a provision requiring that contractors and subcontractors submit certified payrolls to the government agency that is a party to the contract, and a certification that they paid their workers no less than the prevailing wage ("certified payrolls").

6. Davis-Bacon further required that contracts for work on federally-funded projects must contain a provision that if the contracting officer finds that a worker has been or is being paid less than the prevailing wages, the government agency may terminate the contract or withhold payment from the contractor to make up the difference between what the worker was paid and what he was required to be paid.

### HUD and CMHA

7. The United States Department of Housing and Urban Development (HUD) was a federal agency charged with the responsibility of, among other things, providing housing assistance to the nation's poorest citizens. Included in that responsibility was a mandate to ensure that housing opportunities were provided based upon need, eligibility and in a non-discriminatory manner, and that federal funds for HUD projects were strictly applied to the purposes for which they were intended.

8. In fulfilling its mandate, HUD oversaw and funded numerous programs administered by state and local governments. These governmental entities were required to certify to HUD that they would administer and were administering their HUD-related programs

2

in compliance with federal law and with the rules and regulations of HUD. Among these statutes, rules and regulation were the requirement to comply with the provisions of the Davis-Bacon Act.

9. The Cuyahoga Metropolitan Housing Agency ("CMHA") was a Cuyahoga County, Ohio, agency and was assigned, among other duties, the responsibility of overseeing federally-funded housing programs for Cuyahoga County. As a condition of receiving federal funding for its housing programs, CMHA was required to comply with all federal statutes, rules and regulations, including Davis-Bacon, relating to the handling and disposition of any federal funds it received.

*The Relevant Construction Projects and Companies*

10. CMHA received federal funds from HUD, subject to the Davis-Bacon requirements, in connection with the construction, alteration and modification of the following multi-family housing properties and programs in Cuyahoga County, Ohio, in the Northern District of Ohio:

    a. Delaney Village;

    b. Riverside Park; and

    c. Union Square.

11. Cooperating Witness 1 ("CW-1"), whose identity is known to the Grand Jury, was the owner and operator of a corporation ("Corporation 1") that served as the general contractor for the Delaney Village and Union Square projects. Corporation 1 was located in Cuyahoga County, Ohio. CW-1 and Corporation 1 retained the services of Defendant MARCUS BUTLER and LB Electric to perform Electrical Subcontractor work on the Delaney Village and Union Square projects, subject to the prevailing wage provisions of Davis-Bacon.

3

12. Cooperating Witness 2 ("CW-2"), whose identity is known to the Grand Jury, was the owner and operator of a corporation ("Corporation 2") that served as the general contractor for the Riverside Park project. Corporation 2 was located in Cuyahoga County, Ohio. CW-2 and Corporation 2 retained the services of Defendant MARCUS BUTLER and LB Electric to perform Electrical Subcontractor work on the Riverside project, subject to the prevailing wage provisions of Davis-Bacon.

13. As part of the Electrical Subcontractor work on the Delaney Village, Riverside Park and Union Square projects, Defendant MARCUS BUTLER and LB Electric were required to: 1) pay his employees prevailing wages; 2) maintain payroll records and related documents; and 3) submit weekly certified payroll records, often in the form of optional HUD Forms WH-347, to the General Contractor who then submitted the certified payroll records to CMHA in order to obtain funds for the construction project. BUTLER and LB Electric often submitted the Forms WH-347 to CW-1, CW-2, Corporation 1 and Corporation 2, who then forwarded them to CMHA to receive funds for their respective construction projects.

## The Submission of False Forms WH-347

14. From in or around August 2011 through in or around December 2011 Defendant MARCUS BUTLER and LB Electric employed various journeyman electrical workers to perform work on the Delaney Village project. During this time, Defendant BUTLER submitted and caused to be submitted to CMHA approximately 16 Forms WH-347 that falsely reported inflated rates of pay for workers.

15. From in or around August 2011 through in or around January 2012 Defendant MARCUS BUTLER and LB Electric employed various journeyman electrical workers to perform work on the Riverside Park project. During this time, Defendant BUTLER submitted

4

and caused to be submitted to CMHA approximately 23 Forms WH-347 that falsely reported inflated rates of pay for workers.

16. From in or around May 2013 through in or around October 2013 Defendant MARCUS BUTLER and LB Electric employed various journeyman electrical workers to perform work on the Union Square project. During this time, Defendant BUTLER submitted and caused to be submitted to CMHA approximately 22 Forms WH-347 that falsely reported inflated rates of pay for workers.

17. As a result of this scheme, Defendant MARCUS BUTLER falsely overstated the wages and benefits actually paid to LB Electric employees who worked on the Delaney Village, Riverside Park, and Union Square projects by approximately $126,514.80.

### COUNTS 1-16
(Title 18, U.S.C. Sections 1001 and 2, False Statements to Government Agency)

The Grand Jury further charges:

1. The factual allegations set forth in paragraphs 1 through 14 of the General Allegations are realleged, restated and incorporated as if fully set forth herein.

2. From in or around August 2011 through in or around December 2011, Defendant MARCUS BUTLER, through his company LB Electric, was a sub-contractor for CW-1 and Corporation 1 on a contract with government agencies for the Delaney Village project, and was required to periodically file certified payroll reports to verify that LB Electric was paying the prevailing wage to LB Electric Employees.

3. On or about the dates listed below, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant MARCUS BUTLER did knowingly and willfully make materially false, fictitious and fraudulent statements and representations in a matter within the jurisdiction of a department or agency of the United States, that is, the United States Department

5

of Housing and Urban Development and the United States Department of Labor, in that Defendant MARCUS BUTLER, on the dates listed below, falsely stated in Box 6 of the Forms WH-347 listed below that wages had been paid, as set forth below, to LB Electric employee as listed below, when in truth and fact, as BUTLER then well knew, the employees had been paid at a rate substantially less than that indicated in Box 6:

| Count | Date of Certified Form WH-347 | Approximate Wages Stated Paid in Box 6 | To Employees |
|---|---|---|---|
| 1 | 08/06/2011 | $25.73 - $30.00 | N.M.; C.M.; C.H.; T.M. |
| 2 | 08/14/2011 | $25.73 - $30.00 | C.M.; T.M. |
| 3 | 08/20/2011 | $25.73 - $30.00 | C.M.; C.H.; T.M.; N.M. |
| 4 | 08/27/2011 | $25.73 - $30.00 | C.M.; C.H.; T.M. |
| 5 | 09/03/2011 | $25.73 - $30.00 | C.M.; M.S.; T.M.; E.S. |
| 6 | 09/10/2011 | $30.00 | E.S. |
| 7 | 09/17/2011 | $30.00 | E.S. |
| 8 | 09/24/2011 | $30.00 | E.S. |
| 9 | 10/01/2011 | $30.00 | E.S. |
| 10 | 10/08/2011 | $14.50 - $30.00 | E.S.; J.T. |
| 11 | 10/15/2011 | $15.00 - $30.00 | E.S.; J.T.; N.M. |
| 12 | 10/22/2011 | $30.00 | E.S. |
| 13 | 10/29/2011 | $30.00 | E.S. |
| 14 | 11/05/2011 | $18.00 - $30.00 | E.S.; J.T. |
| 15 | 11/12/2011 | $18.00 - $30.00 | E.S.; J.T. |
| 16 | 11/19/2011 | $18.00 - $30.00 | E.S.; J.T. |

All in violation of Title 18, U.S.C. Section 1001 and 2.

## COUNTS 17-39
(Title 18, U.S.C. Section 1001 and 2, False Statements to Government Agency)

The Grand Jury further charges:

1. The factual allegations set forth in paragraphs 1 through 13 and 15 of the General Allegations are realleged, restated and incorporated as if fully set forth herein.

2. From in or around August 2011 through in or around January 2012, LB Electric was a sub-contractor for CW-2 and Corporation 2 on a contract with government agencies for the Riverside Park project, and was required to periodically file certified payroll reports to verify that LB Electric was paying the prevailing wage to LB Electric Employees.

3. On or about the dates listed below, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant MARCUS BUTLER did knowingly and willfully make materially false, fictitious and fraudulent statements and representations in a matter within the jurisdiction of a department or agency of the United States, that is, the United States Department of Housing and Urban Development and the United States Department of Labor, in that Defendant MARCUS BUTLER, on the dates listed below, falsely stated in Box 6 of the Forms WH-347 listed below that wages had been paid, as set forth below, to LB Electric employee as listed below, when in truth and fact, as BUTLER then well knew, the employees had been paid at a rate substantially less than that indicated in Box 6:

| Count | Date of Certified Form WH-347 | Approximate Wages Stated Paid in Box 6 | To Employees |
|---|---|---|---|
| 17 | 08/13/2011 | $25.73 - $30.00 | N.M.; C.H. |
| 18 | 08/20/2011 | $25.73 - $30.00 | N.M.; C.H. |
| 19 | 08/27/2011 | $25.73 - $30.00 | N.M.; C.H. |
| 20 | 09/03/2011 | $25.73 - $30.00 | N.M.; C.H. |
| 21 | 09/10/2011 | $25.73 - $30.00 | N.M.; C.H. |

| Count | Date of Certified Form WH-347 | Approximate Wages Stated Paid in Box 6 | To Employees |
|---|---|---|---|
| 22 | 09/17/2011 | $25.73 - $30.00 | N.M.; C.H.; T.M. |
| 23 | 09/24/2011 | $25.73 - $30.00 | N.M.; C.H.; T.M. |
| 24 | 10/01/2011 | $25.73 - $30.00 | N.M.; C.H.; T.M. |
| 25 | 10/08/2011 | $18.00 - $30.00 | N.M.; C.H.; T.M.; J.T. |
| 26 | 10/15/2011 | $25.73 - $30.00 | N.M.; C.H.; T.M. |
| 27 | 10/22/2011 | $25.73 - $30.00 | N.M.; C.H.; T.M. |
| 28 | 10/29/2011 | $25.73 - $30.00 | N.M.; C.H.; T.M. |
| 29 | 11/05/2011 | $25.73 - $30.00 | N.M.; C.H.; T.M. |
| 30 | 11/12/2011 | $25.73 - $30.00 | N.M.; C.H.; T.M. |
| 31 | 11/19/2011 | $25.73 - $30.00 | N.M.; C.H. |
| 32 | 11/26/2011 | $25.73 - $30.00 | N.M.; C.H.; T.M. |
| 33 | 12/03/2011 | $25.73 - $30.00 | N.M.; C.H.; T.M. |
| 34 | 12/10/2011 | $25.73 - $30.00 | N.M.; C.H.; T.M. |
| 35 | 12/17/2011 | $25.73 - $30.00 | N.M.; C.H.; T.M. |
| 36 | 12/24/2011 | $25.73 - $30.00 | N.M.; C.H.; T.M. |
| 37 | 12/31/2011 | $25.73 - $30.00 | N.M.; C.H. |
| 38 | 1/7/2012 | $18.00 - $30.00 | E.S.; J.T. |
| 39 | 1/14/2012 | $18.00 - $30.00 | E.S.; J.T. |

All in violation of Title 18, U.S.C. Section 1001 and 2.

### **COUNTS 40-61**
(Title 18, U.S.C. Section 1001 and 2, False Statements to Government Agency)

The Grand Jury further charges:

1. The factual allegations set forth in paragraphs 1 through 13 and 16 of the General Allegations are realleged, restated and incorporated as if fully set forth herein.

8

2. From in or around May 2013 through in or around October 2013, LB Electric was a sub-contractor for CW-1 and Corporation 1 on a contract with government agencies for the Union Square project, and was required to periodically file certified payroll reports to verify that LB Electric was paying the prevailing wage to LB Electric Employees.

3. On or about the dates listed below, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant MARCUS BUTLER did knowingly and willfully make materially false, fictitious and fraudulent statements and representations in a matter within the jurisdiction of a department or agency of the United States, that is, the United States Department of Housing and Urban Development and the United States Department of Labor, in that Defendant MARCUS BUTLER, on the dates listed below, falsely stated in Box 6 of the Forms WH-347 listed below that wages had been paid, as set forth below, to LB Electric employee as listed below, when in truth and fact, as BUTLER then well knew, the employees had been paid at a rate substantially less than that indicated in Box 6:

| Count | Date of Certified Form WH-347 | Approximate Wages Stated Paid in Box 6 | To Employees |
|---|---|---|---|
| 40 | 05/21/2013 | $55.29 | E.S.; T.B. |
| 41 | 05/29/2013 (For week ending 5/25/2013) | $55.29 | E.S.; T.B. |
| 42 | 05/29/2013 (For week ending 6/1/2013) | $55.29 | E.S.; T.B. |
| 43 | 06/12/2013 | $55.29 | E.S.; T.B.; W.W. |
| 44 | 06/19/2013 | $55.29 | E.S.; T.B.; W.W. |
| 45 | 06/26/2013 | $55.29 | E.S.; T.B.; W.W. |
| 46 | 07/03/2013 | $55.29 | E.S.; T.B.; W.W. |

9

| Count | Date of Certified Form WH-347 | Approximate Wages Stated Paid in Box 6 | To Employees |
|---|---|---|---|
| 47 | 07/10/2013 | $55.29 | E.S.; T.B.; W.W. |
| 48 | 07/17/2013 | $55.29 | E.S.; T.B.; W.W. |
| 49 | 07/24/2013 | $55.29 | E.S. |
| 50 | 07/31/2013 | $55.29 | E.S. |
| 51 | 08/07/2013 | $55.29 | E.S.; W.W. |
| 52 | 08/14/2013 | $55.29 | E.S.; W.W. |
| 53 | 08/20/2013 | $55.29 | E.S.; W.W. |
| 54 | 08/28/2013 | $55.29 | E.S.; W.W. |
| 55 | 09/04/2013 | $55.29 | E.S.; W.W. |
| 56 | 09/11/2013 | $55.29 | E.S.; W.W. |
| 57 | 09/18/2013 | $55.29 | E.S.; W.W. |
| 58 | 09/25/2013 | $55.29 | E.S.; W.W.; R.A.; D.M. |
| 59 | 10/02/2013 | $55.29 | E.S.; W.W.; R.S.; D.M. |
| 60 | 10/09/2013 | $55.29 | E.S.; W.W.; R.S.; D.M. |
| 61 | 10/16/2013 | $55.29 | E.S.; W.W.; R.S.; D.M. |

All in violation of Title 18, U.S.C. Section 1001 and 2.

A TRUE BILL.

Original document - Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.